894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerald L. KENDRICK, et al., Plaintiffs,
Harry Shelor; James J. Corbett, Plaintiffs-Appellants,
v.
David H. BLAND, et al., Defendants-Appellees.
 No. 89-5586.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1990.
 
 1
 Before KENNEDY and BOGGS, Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 Plaintiffs, Harry Shelor and James Corbett, appeal an order of the district court which denied their motion for a preliminary injunction. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiffs, inmates at either the Kentucky State Reformatory in LaGrange or the Kentucky State Penitentiary in Eddyville, filed a motion for a preliminary injunction in the District Court for the Western District of Kentucky. In support of their request for that relief, they alleged that officials responsible for the supervision of that state's penal system were causing the renovation of cells at the Luther Luckett Correctional Center to permit the double-celling of inmates. Plaintiffs further alleged that the additional bed-space at the Luther Luckett Correctional Center would be filled by moving inmates from both the Kentucky State Penitentiary and the Kentucky State Reformatory and that they would be included among the prisoners so transferred. Believing that those actions would be contrary to the terms of a consent decree regarding conditions at the Kentucky State Reformatory and the Kentucky State Penitentiary which had been entered in Kendrick v. Bland, 541 F.Supp. 21 (W.D.Ky.1981), plaintiffs sought an order preventing their transfer to Luther Luckett Correctional Center. Based upon the conclusion that no effort had been made to transfer them to that institution, the district court determined that plaintiffs had not sustained an injury sufficient to give them standing. The district court therefore denied the motion for a preliminary injunction and plaintiffs filed this appeal.
 
 
 4
 After a careful review of the record, this court concludes that the district court did not err in denying the motion for a preliminary injunction due to plaintiffs' lack of standing. City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). Accordingly, the district court's order denying the motion for a preliminary injunction is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation